2013 UT App 45

# THE UTAH COURT OF APPEALS

JOHN D. DURBIN,

*Petitioner,*

*v.*

DEPARTMENT OF WORKFORCE SERVICES, WORKFORCE APPEALS BOARD

*Respondent.*

Per Curiam Decision
No. 20120966-CA
Filed February 22, 2013

Original Proceeding in this Court

John D. Durbin, Petitioner Pro Se
Jaceson R. Maughan, Attorney for Respondent

Before JUDGES ORME, THORNE, and ROTH.

PER CURIAM:

¶1     John Durbin petitions for review of the Workforce Appeals Board's (the Board) decision affirming the denial of unemployment benefits based on a finding that Durbin was discharged for just cause. We decline to disturb the Board's decision.

¶2     A claimant is ineligible for unemployment benefits if he or she was discharged for just cause. *See* Utah Code Ann. § 35A-4-405(2)(a) (LexisNexis 2011). The determination of whether an employer had just cause to terminate an employee is a mixed question of law and fact. *See Smith v. Workforce Appeals Bd.*, 2011 UT App 68, ¶ 9, 252 P.3d 372. This court will reverse an administrative agency's findings of fact "only if the findings are not supported by

substantial evidence." *Drake v. Industrial Comm'n*, 939 P.2d 177, 181 (Utah 1997). This court will uphold the Board's decision applying law to facts "so long as it is within the realm of reasonableness and rationality." *See Arrow Legal Solutions Grp., PC v. Workforce Servs.*, 2007 UT App 9, ¶ 6, 156 P.3d 830.

¶3     The Board had substantial evidence to support its determination that Durbin was discharged for just cause. The employer provided documentation showing the verbal and written warnings regarding Durbin's attendance issues, establishing that Durbin understood both the expectations for attendance and the consequences of further attendance problems. Testimony from both the employer and Durbin established a pattern of tardiness that negatively affected the employer. Based on substantial evidence of a chronic attendance problem, the Board determined that Durbin was discharged for just cause. That determination was rational and reasonable.

¶4     Durbin asserts that some of the tardiness or absences should have been excused because he was attending counseling at the time.[1] Even if he was attending counseling sessions, however, the tardiness was not excused because he failed to provide advance notice of the sessions and failed to notify his supervisor that he would be late. Although the employer would accommodate such sessions, advance notice was required so the employer could make other arrangements for Durbin's shift. Without notice, the tardiness was disruptive to business operations.

¶5     In sum, we decline to disturb the Board's decision.

---

1. Durbin attached new documents to his response to this court's motion for summary disposition. These documents are not in the record on review and, accordingly, are not considered. *See* Utah R. App. P. 11.